## JOHN GORDON AND OTHERS *versus* WILLIAM PEARSON.

One tenant in common hindering the entry of the other is an ouster. In making partition of the real estate of an intestate, the distributors are not obliged to divide and set out the *whole* estate in severalty; but may assign certain parts of it to two or more of the heirs, to be holden in common.

THIS was a real action, commenced against *William Pearson* and *William Tyler*, by *John Gordon* and *Hannah*, his wife, in her right, *Nathaniel Norcross*, *Elisha Norcross*, *Jonas Woods* and *Rebecca*, his wife, in her right, the demandants, for four undivided seventh parts of one moiety of a certain cellar, or piece of land, in *Boston*, (*describing the bounds of the cellar*,) with the privileges and appurtenances. The declaration stated that, on the 1st day of January, 1774, one *Joseph Watts* was seised in fee simple of the described premises, together with other real estate situated in *Boston*, taking the *esplees*, &c., to the value, &c.,—and on the 1st day of July, 1774, died seised thereof, leaving three daughters and heirs, *viz.*, *Marcy Norcross*, wife of *U. N.*, to which said *Marcy* one undivided third part of all said *Watts's* real estate descended, as one of his heirs—and, afterwards, on * the 6th day of Janu- [ * 324 ] ary, 1779, the said *Marcy* died seised of said undivided third part, intestate; and, afterwards, on the 17th day of March, 1780, the judge of probate for the county of *Suffolk* issued his warrant to *A, B,* and *C*, requiring them to make a just and equal division of the real estate of said *Joseph Watts*, among his children or their legal representatives, in manner following, *viz.*, one third part to his only surviving daughter, *Mary Haden*, one third part thereof to the heirs of his late daughter, *Hannah Millward*, deceased, and the remaining third part thereof to the heirs of *Marcy Norcross*, deceased, to them, their heirs and assigns forever; in virtue and pursuance of which warrant, the distributors, on the 24th day of the same March, did assign and set off unto the heirs of *Marcy Norcross*, being grandchildren of *Joseph Watts*, one half of the said cellar and other estate, as their share in the estate, &c.; that the assignment was ratified at a probate court; by means of which *Hannah Gordon*, *Nathaniel Norcross*, *Elisha Norcross*, and *Rebecca Woods*, (the demandants,) became lawfully seised in fee simple of the four seventh parts aforesaid; taking the esplees, &c.; since which the said *Tyler* and *Pearson* have illegally entered and ejected the demandants, &c.

The said *Tyler* had died pending the action, which was prosecuted against the survivor, *Pearson*, and was submitted to the determination of the Court upon the following case, *viz.*, *Joseph Watts*

243

late of *Boston,* in the county of *Suffolk, maltster,* died lawfully seised in fee of a certain messuage and land, whereof the demanded premises were a part, leaving the following heirs, *viz.,* Mary Haden, his only surviving daughter,—the children and heirs of his deceased daughter, *Marcy Norcross,* of whom the said *Hannah, Nathaniel, Elisha,* and *Rebecca,* the demandants, are four [ * 325 ] sevenths; and the children of his other deceased * daughter, *Hannah Millward;* afterwards, by virtue of a warrant from the judge of probate of wills, &c., for the county of *Suffolk,* directed to *John Stutson, James Barnard,* and *Francis Southack,* they, in March, 1780, made partition of the real estate of said *Watts* between his heirs; a copy of which is in the case. [By the certified copy of the partition, it appeared that the distributors assigned and set off to *Mary Haden,* only surviving daughter of the deceased, *the rear tenement or back end* of the said deceased's mansion house, *with the land thereto belonging,* situate and being at the westerly part of *Boston,* aforesaid, and is butted and bounded as follows, *viz., southerly on land hereafter set off to the said* Mary Haden, *and land hereafter set off to the heirs of* Marcy Norcross, *deceased,* running through the portion belonging to the other part of said house hereafter set off to the heirs of said *Marcy Norcross,* deceased, measuring through *to the back part of said house* forty feet, then westerly upon the malt-house, and land hereafter set off to the heirs of *Hannah Millward,* deceased, there measuring forty-eight feet, then northerly on land formerly a rope-walk, late belonging to *H. M.,* there measuring forty feet, then easterly on land of *E. M.,* there measuring forty-eight feet, *together with one half the cellar under the said rear tenement;* also a piece of land *for a passage-way,* butted and bounded as follows: southerly on the street or highway, there measuring, &c.; westerly on land hereafter set off to the heirs of *Marcy Norcross,* deceased, there measuring, *up to said rear tenement,* thirty-seven feet; northerly, on land belonging to said rear tenement, there measuring, &c.; and easterly on land of said *E. M.,* there measuring, &c.; together with the rights, members, profits, privileges, ways, passages, wells, water, water-courses, improvements, and appurtenances, whatsoever, *to the said* [ * 326 ] *tenement, land,* and premises, belonging; * the said *Mary Haden,* her heirs, &c., paying one third part of the repairs of the pump when necessary; with *liberty* for *the heirs and assigns* of the said *Marcy Norcross,* deceased, of the stairs, staircase, entry, &c., leading up to their part of said house; also, with *the use* of the necessary house, they paying their part of repairs, and emptying the vault when wanted; to have and to hold the said *rear tenement* and land before mentioned, unto said *Mary*

*Haden*, her heirs and assigns forever; *all which* is in full of her third part or share of and in her said deceased father's real estate.

That the distributors assigned and set off to the heirs of *Marcy Norcross*, deceased, the *front part* of their grandfather's (the said *Joseph Watts*, deceased) mansion house, *with the land belonging to the same*, adjoining to the rear tenement, above set off, to *Mary Haden*, and to the malt-house and land hereafter set off to the heirs of *Hannah Millward*, deceased, butted and bounded as follows · southerly on the street or highway, there measuring, &c.; westerly on the land and malt-house, hereafter set off to the heirs of *Hannah Millward*, deceased, there measuring, &c.; then easterly on land before set off to *Mary Haden*, there measuring, &c.; as *also one half of the cellar, under said rear tenement, before set off to Mary Haden*, with the *privilege* of the entry and staircase *belonging to the said rear tenement*, with the privilege of the necessary house, they paying their proportional part of repairs to the stairs and necessary house, and emptying the vault when wanted; together with all and singular the rights, members, &c., (*in the same words before used*,) to the said lands and premises belonging, or in any wise appertaining, or therewith *then* used, occupied, and enjoyed; the said *Mary Haden*, her heirs or assigns having one third part of the pump and well, they paying one third part of repairs, &c.

To have and to hold the aforementioned *house* and * *land*, [ * **327** ] unto the said heirs of *Marcy Norcross*, deceased, or their

heirs forever, they, the aforesaid heirs of *Marcy Norcross*, deceased, paying unto the heirs of *Hannah Millward*, deceased, the sum of £115, *all which* is their full third part or share of and in their said grandfather's estate.

And that the distributors assigned and set off to the heirs of *Hannah Millward*, deceased, the malt-house *and land under the same* and thereunto belonging, (*describing it*,) also one third part of the pump and well, the said heirs paying one third part of repairs, &c., when wanted; together with all and singular the rights, members, &c., (*as before*,) to the said *malt-house*, and land, and premises, belonging, or in any wise appertaining, or therewith *then* used, occupied, or enjoyed. To have and to hold *the same* unto the said heirs of *Hannah Millward*, and their heirs and assigns forever. They then assigned to the heirs of *Hannah Millward* the said sum of £115, to be paid them by the heirs of *Marcy Norcross; all which* is in full of their third part or share of and in all the real estate of their said grandfather.]

Afterwards *Mary Haden*, by her deed, bearing date in March, 1780, by the name and description of " *Mary Haden*, only surviving daughter and one of the heirs of *Joseph Watts*, late of *Boston*,

maltster, deceased," conveyed to *John Gordon*, one of the demand-
ants, her share in the same words as in the partition, with the fur-
ther words, "*under the same*," and also at the end of the boundaries
adds these further words, "*as the same was set off to the said.* Mary
Haden, *in and by the division of the real estate of her said father,*
Joseph Watts, *bearing date the twenty-fourth day of March current,*
*reference thereto being had, will more particularly appear:*" after-
wards said *Gordon*, by deed, in August, 1785, conveyed to *William
M'Keen* the same share in the words of the partition,
[ * 328 ] and also with * the words "*under the same*," and at the
end of the boundaries adds these words, "*as the same
was purchased of* Mary Haden, *as by a deed of division of her father,*
Joseph Watts, *deceased's estate, reference thereto being had, will
fully appear:*" afterwards said *M'Keen*, by deed of July, 1791,
conveyed to the said *Nathaniel Norcross* (*one of the demandants*)
the same share in the words of the partition, and also with the
words, "*under the same,*" (*a*) but does not refer to the partition as
in the two preceding deeds; afterwards the said *Nathaniel Nor-
cross* conveyed to *William* and *James Cunningham* by deed, a copy
of which is in the case, (this deed was dated Feb. 18, 1792, and
conveyed the rear tenement, or back part of the said mansion house,
*with the land under the same* and *thereto belonging,* bounded, &c.,
*as in the partition,*) *together with one half of the cellar under the
said rear tenement*; also a piece of land for a passage-way, &c., (*as
described in the partition,*) reserving liberty for the heirs and assigns
of *Marcy Norcross* to use the entry, staircase, &c., (as before
specified.)    Afterwards the said *Cunninghams* conveyed to said
*Tyler*, one of the defendants, by deed, which is in the case.    (The
words of grant and description in this deed were the same as in the
deed from *Nathaniel Norcross* to the *Cunninghams.*)

Previous to issuing the writ, the demandants demanded of said
*Tyler* the possession of their rights in the cellar under
[ * 329 ] the rear tenement, according to * the papers in the case
marked *A, C,* and *D,* which papers they then had with
them.    (*The paper* marked *A* was a certified copy of the partition,

(*a*) There is an ambiguity here, and in the two places immediately preceding where
these words, " under the same," are used ; but *so* stands the original stated case, unless
a copy in my possession, signed by the counsel for the parties, be incorrect.    I be-
lieve, however, that it may safely be taken for granted the words were used, in the
deeds mentioned thus, *with the land,* " under the same," *thereto belonging.*    This is
rendered, as I think, almost certain from the words in the deed of *Norcross* to the *Cun-
ninghams,* a few lines subsequent.    But as I have never had an opportunity to see the
several deeds of *Mary Haden, John Gordon,* and *William M'Keen,* they not being made
part of the case, I cannot be positive that the words were used in the connection
above supposed.

from the probate office; *that* marked *D* was a deed dated Dec. 23, 1799, from the demandants to *Daniel Cowing*, of the four undivided seventh parts of the estate described in the declaration, and demanded in this action; and *that* marked *C* was a letter of attorney from the demandants to *Cowing*, authorizing to enter upon and take possession of, to his own use, the premises conveyed in their said deed to him; and to commence any suit or suits at law for the recovery thereof, &c.)    The said *Tyler* then told them they should not have the same, unless they could obtain it by law, and appeared in great passion; he then went away, and soon after returned; during his absence, they measured and marked the parts of the cellar they said they were entitled to.    On his return, they demanded the said parts as they had measured and marked them; said *Tyler* made the same answer as before; they were then standing before the cellar door; said *Tyler* ordered the demandants away, and appeared in such a passion that a witness, who saw him, concluded that, if they attempted to take possession of their parts of the cellar, he would have prevented them by force.    If the Court shall be of opinion that the demandants, by virtue of said partition, took a fee simple in four seventh parts of one moiety of the cellar under the rear tenement, and on the facts aforesaid are entitled to recover seisin and possession of the same in this action, the defendants agree to be defaulted; otherwise the demandants agree to be nonsuited; and the party prevailing shall be entitled to costs.

*Ed. Gray* for the *demandants.*

*S. Dexter* for the *defendants.*

*Gray*, for the demandants, said, the question is, whether, by the partition, the heirs of *Marcy Norcross* * took a *fee*  [ * 330 ] or had only a *privilege* in the moiety of the cellar, which was assigned and set off to them.    And he insisted that the words of the partition showed clearly that the distributors intended that *these* heirs should take a fee in one moiety, and *Mary Haden* in the other moiety; because, in the partition, when nothing more than a *privilege* was intended to be assigned, the distributors had *so* expressed it; as was apparent from several places where they had made use of the word *privilege*; if so, then the demandants are tenants in common of the cellar with *Tyler*, and, if there has been an *ouster*, are entitled to recover; that there has been an ouster, he said, was obvious from the case stated.    *Tyler* had, upon demand made, refused to permit the demandants to enter, and had actually hindered their entry, which in law was an actual ouster.

*Parsons*, on the same side, said that the question was, as to the intention of the distributors, to be collected from the words of the partition, which is to be construed like a will.    In the assignment

to *Mary Haden*, had it stopped at the *tenement* assigned and set off then, undoubtedly, the whole cellar would have passed to her ; but giving afterwards to her *one half of the cellar under the rear tenement*, and the other half thereof to the heirs of *Marcy Norcross*, shows that they intended each should have one half in fee ; for had they intended the whole should pass to *Mary Haden* in fee by assigning to her the rear tenement, and that the heirs of *Marcy Norcross* should have only a privilege, there could have been no necessity to have said that *Mary* should have one moiety of the cellar.

*Dexter* for the defendants. The question we make is, whether persons appointed by the judge of probate to make partition of the estate of an intestate can create a *new* tenancy in common. If * this partition is to stand, a new tenancy in common is created between *part* of the heirs in *part* of the estate of the intestate ; that is, going on the ground that a *fee* passes in the manner contended for by the counsel for the demandants. But the distributors have no such power ; their powers are to *divide* and set out *in severalty* an estate which was *before* held in common. All their powers and authority in this and similar cases depend upon the statutes ; these powers, as in other cases, are to be construed strictly. It becomes, then, material to see what the pow ers of the distributors are by virtue of the statutes. By the statute passed in 1692, (*Prov. stat.* 4 *W. & M.*, *c.* 22, § 1,) the *real* estate of an intestate is subject to a *division* with his personal estate, and to be *alike distributed* according to the rules of the statute expressed ; " *that is to say*, the real and personal estate by *equal portions* to and among his children, and such as legally represent them, (if any of them be dead,) the *division* of the real estate to be made by five freeholders, or any three of them, &c." Afterwards, by the statute passed in 1760, (*Prov. stat.* 33 *Geo. c.* 2, § 2,) the judge of probate is authorized to appoint either *three* or *five* freeholders to make *partition* of the real estate of an intestate. In *that* statute provision is made " for settling on one of the parties, not a minor, any messuage, tract of land, or other tenement, of greater value than either party's share in the estate *to be divided*, which cannot be subdivided, or part thereof assigned to one and part to another, without great inconvenience, he paying such sum or sums, &c." In neither of these statutes, nor in any *act* in force at the time when the partition now under consideration was made, is there a syllable to be found which countenances the idea that distributors have the power of creating a new tenancy in common. The *real* estate is, if it will conveniently admit of it, to be *divided* and distributed equally in *like* manner * with personal estate ; if it will not conveniently admit of such division, it is *not to be*

*divided* at all, but is to be assigned to some one of the heirs in the manner pointed out in the statutes. The partition is an act of law, not the act of the parties; if the law has not authorized the distributors to make a new tenancy in common by the partition, their doings are void, and the demandants are not entitled to recover.

But even if it should be admitted that the distributors have the power contended for, the demandants have no claim; for they expressly give to *Mary Haden* the rear tenement, *with the land thereto belonging*, which by necessary implication and intendment of law gives her the whole cellar under *that* part of the mansion house; what follows, as to giving her one moiety of the cellar, and to the heirs of *Marcy Norcross* the other, is repugnant and contradictory to what goes before, and, therefore, is void as to the cellar. The same rule of construction is applicable to this species of partition as to *deeds;* nor is there any reason why a different rule, a rule which applies to *wills*, and which has been adopted on account of the peculiar circumstances under which wills are frequently made, should govern in cases of partition. If, as is believed, a tenancy in common cannot be created in this way, yet, perhaps, the Court might construe what is said in the partition as to the cellar, to be an assignment of a *privilege;* this construction would establish the partition, give effect to every part of it, and avoid the repugnancy and contradiction already mentioned; but if only a *privilege* is assigned, the demandants are not entitled to recover, as they declare of a seisin in fee.

Then as to the conveyance of *Nathaniel Norcross*, one of the demandants, to *Tyler;* the description in the deed is different from *that* in the partition; he expressly conveys the rear tenement * " *with the land under the same and thereto belong-* [ * **333** ] *ing*," &c. *Whatever* estate he had is by that deed conveyed; he has conveyed all he could convey, and, therefore, cannot recover against his own deed. As to the ouster, there is no evidence of *actual* ouster, without which the demandants cannot maintain their action; all that appears in the case is, that *Tyler* told the demandants they should not have possession unless they could obtain it by law; there was no violence offered or threatened; nothing but the *bare suspicion* of the witness present that *Tyler* would have prevented by force any attempt of the demandants to enter.

*Parsons*, in reply. As to the ouster, it is a question whether, by our statute, the common law doctrine of *actual* ouster is not at an end; that is, whether the defendant is not bound to *disclaim* as to the part which he does not claim to hold as tenant. But in the present case there was a demand of possession. The tenant refuses,

forbids the entry, says you must get it by law if you can, and as far as *words* could do it, turns them off. Refusal to admit one of the tenants in common to enter is an ouster by the other.

As to the partition of lands in the Probate Court, if the heirs have entered and submitted to the partition, it must be considered as valid ; the same as if the heirs had made it by deed between themselves ; which they surely might have done in the same manner as the distributors have done for them.

. The subject matter is within the jurisdiction of the Probate Court ; and if there be an *informality* in the proceedings, *that* will not render them void. What is there in any of the statutes which prohibits the distributors from leaving one *strip* in common where the estate is such that it cannot be equally divided in any other way ? If the heirs themselves might make such division, why may not [ * 334 ] the distributors * for them ? They are appointed to act for the heirs, who, if dissatisfied, might have objected, and, upon sufficient cause shown, would have prevented the accept- ance of the return of the distributors ; not having done it, they and all claiming under them, are concluded.

As to the construction of this partition, if it be void in part, it must be void in the whole ; but the intent of the distributors is to be collected from the whole instrument taken together, and. to be carried into effect if consistent with the rules of law. No precise form of words is necessary to evidence that intention ; the law does not require them to use certain *technical* terms, which in the case of deeds is frequently necessary. Reading the partition, can there be any doubt ? To *Mary Haden* they set off the *rear* of the mansion house ; to the heirs of *Marcy Norcross* the *front* ; and to each they give one moiety of the cellar which is under the *rear*. To have to them and their heirs, &c.

Then as to the deed from *Nathaniel Norcross*. It is said that he is not entitled to recover, because whatever estate he had has been conveyed. Recurring to the deed, it appears that he conveyed " the rear tenement or back part of the said mansion house, *with land under the same*, and *thereto belonging* : " had he intended to convey all the land under the same, he would not have used the words " and thereto belonging," because the previous words were amply suffi- cient for that purpose ; these words being added show that both parties understood and knew that all the land under the rear tene- ment did not belong to it. Perhaps the sentence would have been more correct had the word " and " been omitted, in which case it would have read, " with the land under the same thereto belonging ; " which undoubtedly was the real meaning. That the words were not intended to convey all the land under the rear tenement

*is obvious from subsequent words in the deed; for [ * 335 ] after describing the bounds, it adds, " *together with one half of the cellar under the said rear tenement.*" If this construction be correct, then *Nathaniel Norcross* is on the same ground with the other demandants ; and it is believed they are entitled to judgment according to the demand in their writ.

DANA, C. J., some days after the argument, said that the Court had considered the case, and were unanimously of opinion that the demandants were entitled to recover. On the question of ouster, they thought that a sufficient ouster was stated to maintain the action ; and that from the whole partition taken together, and comparing the several parts, it appeared to the Court to be the manifest intention of the distributors that the heirs of *Marcy Norcross* should take a fee in one moiety of the cellar, as appurtenant to that part of the mansion-house which was set off to them ; and therefore that there must be

*Judgment for the demandants.* (a)

NOTE.—It was not *expressly* stated whether, under the statutes, distributors of the estates of intestates could so divide the estate as to create a new tenancy in common; but it is evident the Court could not have pronounced the judgment they did, unless they had been of opinion that distributors have *that* power.

(a) [*Cummings* vs. *Wyman*, 10 *Mass.* 464.—ED ]